{¶ 21} I respectfully dissent from the majority opinion.
 {¶ 22} The majority opinion identifies legal marital duties as obligations of mutual respect, fidelity and support and concludes the trial court's decision appellant was guilty of gross neglect of duty was not an abuse of discretion. I disagree.[2]
 {¶ 23} In the matter sub judice, the magistrate's findings of fact do not address the unilateral actions of one of the partners, rather the magistrate states:
 {¶ 24} "The parties have occupied separate bedrooms within the marital residence, and have not engaged in sexual relations for approximately four to five years. Although they occupy the same dwelling, the parties do not communicate nor share common interests." Magistrate's Decision at p. 8.
 {¶ 25} This language views the actions of both parties, not the gross neglect of duty of one party. For that reason alone, I would find the trial court's decision was not sufficient to support a finding of gross neglect of duty by appellant. Even though I might find a lack of communication, lack of sexual relations and lack of common interests sufficient to justify a finding of incompatibility, I disagree these factors, even in combination, justify a finding of gross neglect of duty.[3]
 {¶ 26} Marriage is more than two people agreeing to a list of the duties codified in R.C. 3103.01. However, because a decision to live life with another is so intensely personal and private, these minimal legal duties are all the law can be expected to interject. The notion that the failure to provide sexual services to a spouse constitutes gross neglect of duty is an unwarranted intrusion upon the marital relationship. Life can be difficult. Monogamous sexual relationships ebb and flow over the course of a lifetime. When a couple is faced with medical problems, sexual dysfunctions, the loss of a child, the birth of a child, or problems at work, the parties may choose to react in any number of ways, sexually and emotionally. Accordingly, it seems entirely inappropriate to interject a new sexual duty into the minimal list contained in the statute.
 {¶ 27} Gross neglect of duty as a ground for divorce should be reserved for "monstrous", "shameful" situations evidencing a "flagrant" and "heinous" failure to abide by the legal duties of mutual respect, fidelity and support. It should not be used as a fault mechanism to terminate a marriage when the record indicates both parties bear responsibility for the deterioration of the relationship.
[2] I question the appropriateness of the use of abuse of discretion as our standard of review. I believe the more appropriate standard of review is more akin to a manifest weight claim; i.e., whether there was sufficient evidence appellant committed gross neglect of duty.
[3] To the extent Pelanda v. Pelanda 2002-Ohio-1123, Delaware App. No. 01-CAF08040 held otherwise, I disagree with its conclusion.